**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **BRYAN LEE JORDAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-25-933-JD** |
| | ) | |
| **SOCIAL SECURITY ADMINISTRATION,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Bryan Lee Jordan, a state prisoner proceeding pro se, filed a complaint alleging violations of his civil rights, Doc. 1, and a motion to proceed in forma pauperis ("IFP"), Doc. 2. United States District Judge Jodi W. Dishman referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). For the reasons set forth below, the undersigned recommends that the Court dismiss the complaint and deny the motion for IFP.

## I. Screening

When a prisoner seeks relief against a governmental entity or an officer or employee of a governmental entity, the Court must screen the complaint and dismiss any part that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief. 28 U.S.C. § 1915A(a)-(b).

In evaluating whether a complaint adequately states a claim, the Court must "accept all well-pleaded allegations as true and construe them in the light most favorable to the plaintiff." *Requena v. Roberts*, 893 F.3d 1195, 1204-05 (10th Cir. 2018) (citation

modified) (discussing standard of review for failure to state a claim under § 1915A(b)(1)). "A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation modified) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court will not, however, provide a plaintiff with arguments or act as his advocate. *Id.*

## II. Plaintiff's complaint

In his complaint, Plaintiff alleges the Social Security Administration terminated his disability payments "while incarcerated" and he wishes to continue receiving the disability payments that he received before his incarceration. Doc. 1 at 6-7. Plaintiff does not specify whether he was receiving disability insurance benefits under Title II of the Social Security Act or supplemental security income under Title XVI. Under either program, however, an individual is not eligible to receive benefits while incarcerated. *See* 42 U.S.C. § 402(x)(1)(A)(i) (stating disability insurance benefits shall not be paid to anyone "confined in a jail, prison, or other penal institution or correctional facility pursuant to his conviction of a criminal offense"); 42 U.S.C. § 1382(e)(1)(A) (explaining "an inmate of a public institution" is generally not eligible to receive supplemental security income benefits). And contrary to Plaintiff's assertion, the Bill of Rights does not mandate that he

receive Social Security benefits while in prison. *Compare* Doc. 1 at 7, *with* U.S. Const. amds. I-X.

Because it appears that the relief Plaintiff seeks is barred by federal statute, on August 25, 2025, the Court ordered Plaintiff to show cause in writing why this action should not be dismissed for failure to state a claim upon which relief can be granted. Doc. 5. Plaintiff was ordered to do so not later than September 15, 2025, *id.*, which deadline the Court later extended to not later than September 30, 2025, Doc. 7.

A review of the Court's ECF docket for this case indicates that, to date, Plaintiff has not complied with the Court's order to show cause. Nor has he sought additional time in which to comply or otherwise addressed the Court's order to show cause. Accordingly, the undersigned recommends that Plaintiff's complaint, Doc. 1, be dismissed without prejudice for failure to state a claim upon which relief can be granted.

## III. Plaintiff's motion for IFP

On August 25, 2025, the Court also informed Plaintiff that his motion for IFP, Doc. 2, was not on the proper form and, should he wish the action to proceed, he must file an amended motion using the Court's approved form. Doc. 5. Plaintiff's deadline for submitting an amended motion for IFP has been extended to October 14, 2025. Docs. 7, 9. However, given the recommendation to dismiss the complaint without prejudice, the undersigned further recommends denying Plaintiff's motion for IFP, Doc. 2, as moot.

## IV. Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **DISMISS WITHOUT PREJUDICE** Plaintiff's complaint, Doc. 1, for failure to state a claim upon

which relief can be granted and **DENY AS MOOT** Plaintiff's motion for IFP, Doc. 2. Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of Court not later than October 29, 2025. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 8th day of October, 2025.

Chris M. Stephens
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE