IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRYAN LEE JORDAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SOCIAL SECURITY ADMINISTRATION, )<br>)<br>Defendant. ) | Case No. CIV-25-00933-JD |

## **ORDER**

Before the Court is the Report and Recommendation issued by United States Magistrate Judge Chris M. Stephens on October 8, 2025. [Doc. No. 11].

Plaintiff Bryan Lee Jordan, a state prisoner appearing *pro se*, filed this civil rights complaint alleging that Defendant Social Security Administration wrongfully terminated his disability payments "while incarcerated." [Doc. No. 1 at 6–7]. Plaintiff also filed a motion for leave to proceed in forma pauperis on the state form. [Doc. No. 2]. The Court referred this case to Judge Stephens pursuant to 28 U.S.C. § 636. [Doc. No. 4].

On August 25, 2025, Judge Stephens issued an order explaining that the relief sought by Plaintiff "is barred by federal statute" because "an individual is not eligible to receive benefits while incarcerated." [Doc. No. 5 at 1–2]. Judge Stephens therefore ordered Plaintiff to show cause in writing by September 15, 2025, why this action should not be dismissed for failure to state a claim upon which relief may be granted. *Id.* at 2; *see also* 28 U.S.C. § 1915A(a)–(b) (providing that the court shall screen "a complaint in a civil action in which a prisoner seeks redress from a governmental entity" and shall

dismiss if the complaint "fails to state a claim upon which relief may be granted"). Judge Stephens also ordered Plaintiff to submit an amended motion for leave to proceed in forma pauperis using the Court's approved form by September 15, 2025, and instructed the Clerk of Court to send the necessary form to Plaintiff to comply with his order. [Doc. No. 5 at 2].

Plaintiff then sought an extension of the deadlines, which Judge Stephens granted and extended the deadline to comply with the previous order until September 30, 2025. [Doc. Nos. 6, 7]. Plaintiff then submitted a letter seeking a further extension of time because he was "waiting on inmate trust fund for [his] request for inmate transaction report in order to proceed in forma pauperis due to lack of prison funds." [Doc. No. 8 at 1]. Judge Stephens extended Plaintiff's deadline to file his amended motion to proceed in forma pauperis until October 14, 2025, but cautioned that Plaintiff's deadline to show cause in writing why this action should not be dismissed for failure to state a claim was not extended and that Plaintiff must show cause by September 30, 2025. [Doc. No. 9 at 1–2].[1]

---

[1] Plaintiff sent a further letter on September 26, 2025, referencing that he did not have control over "how long it takes for trust fund to send back requested documentation." [Doc. No. 10]. Plaintiff's letter is not in the form of a motion and thus does not properly seek relief from the Court. *See* Fed. R. Civ. P. 7(b)(1)(B) ("A request for a court order must be made by motion" and "[t]he motion must state with particularity the grounds for seeking the order"). Moreover, the letter does not provide any reason why Plaintiff could not comply with Judge Stephens's September 30, 2025, deadline to show cause in writing, as that deadline had nothing to do with waiting on the inmate trust fund to provide documentation. In any event, Judge Stephens ultimately recommended that the Court dismiss Plaintiff's complaint for failure to state a claim for which relief may be granted, not for Plaintiff's failure to comply with a court order, and gave Plaintiff an opportunity to object to the Report and Recommendation, which he did not do. [Doc. No.

On October 8, 2025, Judge Stephens issued the Report and Recommendation, recommending that the Court dismiss Plaintiff's complaint without prejudice for Plaintiff's failure to state a claim upon which relief may be granted and deny as moot Plaintiff's motion for leave to proceed in forma pauperis. [Doc. No. 11 at 3–4]. Judge Stephens advised Plaintiff of his right to object to the Report and Recommendation by October 29, 2025, and Judge Stephens warned that failure to timely object to the Report and Recommendation would waive appellate review of the factual and legal issues addressed in the Report and Recommendation. *Id.* at 4.

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The Tenth Circuit has "adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate [judge]." *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This rule "provides that the failure to make timely objection to the magistrate[] [judge's] findings or recommendations waives appellate review of both factual and legal questions." *Id.* There are two exceptions to the waiver rule: "when (1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the 'interests of justice' require review." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005) (quoting *Moore*, 950 F.2d at 659). The Tenth Circuit has considered various factors to determine whether the interests of justice require review, which include "[1] a *pro se* litigant's effort

---

11 at 3–4].

3

to comply, [2] the force and plausibility of the explanation for his failure to comply, and [3] the importance of the issues raised." *Id.* at 1120.

Plaintiff did not object to the Report and Recommendation, and neither exception to the firm waiver rule applies. Judge Stephens advised Plaintiff of the deadline for objecting and the consequences of failing to timely object. [Doc. No. 11 at 4]. The interests of justice do not require review, as Plaintiff has not explained his effort to comply or his lack of objection. Alternatively, although the Court is not required to review the record and law de novo, it has done so and determines that the Report and Recommendation should be adopted in full.

Therefore, the Court ACCEPTS the Report and Recommendation [Doc. No. 11] and DISMISSES Plaintiff's complaint without prejudice. Plaintiff's motion to proceed in forma pauperis [Doc. No. 2] is DENIED as moot. A separate judgment will follow.

IT IS SO ORDERED this 10th day of November 2025.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE